COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MID AMERICA AVIONICS, INC.,

                           Appellant,

v.

APRIL BURNETT, INDIVIDUALLY
AND AS NEXT FRIEND OF KYLE
ANTHONY BURNETT, A MINOR
CHILD, AND ON BEHALF OF THE
ESTATE OF JERRY BURNETT,
DECEASED, STARLYNN MARIE
BURNETT, AND ERNEST BURNETT,

                            Appellees.

§

§

§

§

§
§

§
§




No. 08-04-00170-CV

Appeal from the

County Court at Law No. 7

of El Paso County, Texas

(TC#2003-5259)



MEMORANDUM OPINION

           This is an interlocutory appeal from the trial court’s denial of Appellant’s special
appearance motions. Pending before the Court is the parties’ joint motion to set aside the
trial court’s order denying Appellant’s special appearance and request to remand the case to
the trial court for rendition in accordance with their agreement.
           Appellant, Mid America Avionics, Inc., is an Indiana corporation organized under the
laws of the State of Indiana. Appellant is a small, general aviation company that engages in
the sales, repair and installation of general aircraft avionics equipment.
           Appellees are the plaintiffs in a personal injury action filed against numerous
defendants arising out of the death of Jerry Burnett in an airplane crash that occurred on
December 10, 2001 near Sierra Blanca, Texas. Appellees sued 20 different corporate
defendants alleging various acts of negligence related to the plane crash. The jurisdictional
allegations in the plaintiffs’ petition claim that each defendant below, including Appellant,
“is a corporation doing business in the State of Texas by contracting by mail or otherwise
with a Texas resident and either party is to perform the contract in whole or in part in this
state, by committing a tort in whole or in part in the State of Texas or by recruiting Texas
residence [sic], directly or through an intermediary located in the State of Texas, for
employment inside or outside this state.” The jurisdictional allegations contain no specific
factual allegations to tie the conduct of Appellant to the State of Texas.
           Appellant filed a Special Appearance and Motion to Challenge Jurisdiction,
challenging jurisdiction of the Texas courts. Appellees’ filed a response that jurisdiction was
appropriate in Texas.
           After a hearing on the special appearances, the trial court entered an order denying the
special appearances. Appellant filed a Notice of Accelerated Appeal. During the pendency
of this appeal, the parties filed an Agreed Motion to Set Aside the Trial Court’s Order
Denying Appellant’s Special Appearance, and to Remand the Case to the Trial Court for
Rendition in Accordance with the Parties’ Agreement. Also during the pendency of the
appeal, this case was transferred from County Court at Law No. 7 in El Paso County, Texas,
Cause No. 2003-5259, to the 68th District Court of Dallas County and filed as Cause No. 04-08002-C. Further, Appellees, as plaintiffs below, amended their petition and deleted any and
all claims on behalf of the minor child, Kyle Anthony Burnett, therefore, the minor child is
no longer a party to the underlying cause.
           The parties have informed this Court that they have reached a compromise and
settlement in the underlying Cause No. 04-08002-C. The settlement disposes of all claims
and issues between Appellant and Appellees in this appeal. The settlement does not dispose
of the claims of two intervenors filed against Appellant, Mid America. The settlement
between Mid America and Appellees herein provides that the Appellees withdraw their
opposition to the appeal in all respects. Pursuant to the agreement among the parties, they
have asked this Court to reverse and set aside the trial court’s order denying the special
appearance, and remand this case to the 68th District Court of Dallas County, Texas, Cause
No. 04-08002-C for rendition in accordance with the parties’ agreement and pursuant to 
Tex. R. App. P. 42.1, which states:
(a) On Motion or By Agreement. The appellate court may dispose of an appeal as
follows:

. . .
 
(2) By Agreement. In accordance with an agreement signed by the parties or
their attorneys and filed with the clerk, the court may:

. . .
 
                                 (B) set aside the trial court’s judgment without
regard to the merits and remand the case to the
trial court for rendition of judgment in accordance
wit [sic] the agreements; . . . .

           The Appellant and Appellees have complied with the requirements of Rule 42.1(a)(2).
The parties have requested that the Court grant their motion to set aside the trial court’s order
denying the special appearance, and remand this case to the trial court for rendition of a
judgment in accordance with the agreement. Texas Rules of Appellate Procedure 43.2(d)
provides that the appellate court may reverse the trial court’s judgment and remand the case
for further proceedings. The Court has considered this cause on the parties’ motion and
concludes the motion should be granted and the trial court’s judgment be reversed, and the 
cause be remanded to the trial court for further proceedings consistent with the parties’
settlement agreement.
            We therefore reverse the judgment of the trial court and remand the case to the 68th
District Court in Dallas County, Texas in Cause No. 04-08002-C for rendition in accordance
with the agreement of the parties. The parties have agreed that each party shall bear the costs
incurred by the same.
                                                                  RICHARD BARAJAS, Chief Justice
May 26, 2005

Before Barajas, C.J., McClure, and Chew, JJ.